IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YASSER ABBAS,                              )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )   Civil Action No. 12-cv-01565
                                           )
FOREIGN POLICY GROUP, LLC,                 )
A DIVISION OF THE WASHINGTON               )
POST COMPANY, AND                          )
JONATHAN SCHANZER,                         )
                                           )
        Defendants.                        )
_____)

## DECLARATION OF KEVIN T. BAINE

I, Kevin T. Baine, declare under the penalty of perjury as follows:

1. I am a partner in the law firm Williams & Connolly LLP. I am counsel for Foreign Policy Group, LLC in the above captioned case. I submit this Declaration based on my personal knowledge in support of the Motion for Fees and Costs under the D.C. Anti-SLAPP Act.

2. This lawsuit was commenced on September 20, 2012 by Yasser Abbas against Foreign Policy Group, LLC and Jonathan Schanzer. Williams & Connolly LLP was retained to represent Foreign Policy Group, LLC. Foreign Policy Group, LLC was at the time owned by The Washington Post Company ("the Post"), and I have represented the Post and its subsidiaries in litigation of this kind for over three decades. Mr. Schanzer was not an employee of Foreign Policy Group, LLC and, accordingly, was separately represented by Levine Sullivan Koch & Schulz, LLP.

3. I have worked in collaboration with lawyers at Levine Sullivan Koch & Schulz, LLP on a number of matters over the years. Williams & Connolly LLP and Levine Sullivan Koch & Schulz, LLP are recognized as two of the leading firms in the nation in the area of First Amendment and Media Litigation in general and libel defense in particular. I have personally represented major news organizations in libel and related cases since I joined Williams & Connolly in 1976, following judicial clerkships with Judge Edward Weinfeld in the Southern District of New York and Associate Justice Thurgood Marshall on the U.S. Supreme Court. I am listed in *Chambers USA* in Band I nationwide for First Amendment Litigation and am recognized by *Best Lawyers in America* in the areas of First Amendment Law and Media Law.

4. Two associates worked on this matter with me. Adam Tarosky joined the firm in September 2008 after graduating *magna cum laude* from Duke Law School and clerking on the U.S. Court of Appeals for the Third Circuit for Judge Thomas Hardiman. Prior to working on this matter, Mr. Tarosky had experience in other defamation cases, including the defense of a substantial case brought by the former President of the Iraqi Red Crescent. Elise Borochoff Baumgarten joined the firm in October 2011 after graduating *cum laude* from Harvard Law School and clerking on the U.S. Court of Appeals for the Fourth Circuit for Judge Paul Niemeyer.

5. On November 5, 2012, the defendants filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and a Special Motion to Dismiss Pursuant to the Anti-Slapp Act. Counsel for the two defendants coordinated in the briefing of these motions, with Williams & Connolly LLP taking the lead in drafting the memorandum in support of the Rule 12(b)(6) motion and Levine Sullivan taking the lead in drafting the

memorandum in support of the special anti-SLAPP motion. The anti-SLAPP motion, however, incorporated the substantive arguments that were the basis for the Rule 12(b)(6) motion.

      6.      On September 27, 2013, this Court entered an Order granting the special Anti-SLAPP motion to dismiss and denying as moot the Rule 12(b)(6) motion. The substantive grounds upon which the anti-SLAPP motion was granted were the grounds presented in the memorandum in support of the Rule 12(b)(6) motion.

      7.      Both defendants now move for an award of attorneys' fees and costs pursuant to the Anti-Slapp Act.

      8.      Legal fees in this case were charged at 90 percent of the normal hourly rates of the Williams & Connolly attorneys who worked on the case. After the 10 percent reduction, the hourly rates of the three attorneys who worked on this case were as follows:

| Attorney | Rate |
|---|---|
| Kevin Baine | $765 |
| Adam Tarosky | $409.50 |
| Elise Borochoff Baumgarten | $342 |

Most of the work (a total of 233.75 hours) was performed by the two associates. I spent a total of 25.25 hours meeting with the client and reviewing and editing the work of the associates. (A total of 17.5 hours was also spent by a researcher and two cite checkers, at hourly rates of $229.50, $216, and $211.50, respectively, but that time is excluded from this application.)

      9.      In addition to the ten percent reduction in the firm's normal hourly rates, I reviewed each month's bill for potential inefficiencies and reduced the total fees each month by an amount that averaged an additional 12 percent.

      10.      This application includes fees and expenses incurred in the months of October, November, and December 2012 in preparing the defense of the case. This work included a review of the factual allegations of the complaint, meeting with the client, work related to

document retention and collection, legal research and analysis, and drafting the substantive legal arguments in support of the motions to dismiss. A total of 25.25 partner hours and 233.75 associate hours were spent on this work. The total hourly fees (at the reduced 90 percent rate) for this work came to $107,881.87. With the additional 12 percent reduction, those fees come to $94,936.04.

11. Williams & Connolly LLP maintains contemporaneous time records, and the firm's bills to the client include daily entries showing the number of hours and the work performed each day by each attorney. These daily records will be made available if necessary, subject to appropriate redactions to protect attorney work-product. Attached to this Declaration as Exhibit A is a breakdown of the hours spent in this case by category of work and by attorney, prepared on the basis of those contemporaneous time records.

12. This application also seeks recovery for Federal Express, electronic research, and printing and copying expenses incurred in the case and billed to the client. A breakdown of those expenses is also included in Exhibit A.

13. Based on the foregoing, on behalf of defendant Foreign Policy Group, LLC, we seek a total of $94,936.04 in fees and $5,545.37 in expenses for a total of $100,481.41.

_____
Kevin T. Baine

October 25, 2013